UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PAUL MARTINKA,<br><br>                       Plaintiff,<br><br>  - against -<br><br>HNGN INC.,<br><br>                       Defendant. | Docket No. 17-cv-03208<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Paul Martinka ("Martinka" or "Plaintiff"), by and through his undersigned counsel, as and for his Complaint against Defendant HNGN Inc. ("HNGN" or "Defendant") hereby alleges as follows:

### NATURE OF THE ACTION

1. This is an action for copyright infringement under Section 501 of the Copyright Act and for the removal and/or alteration of copyright management information under Section 1202(b) of the Digital Millennium Copyright Act. This action arises out of Defendant's unauthorized reproduction and public display of a copyrighted photograph of a woman snapping a selfie in front of the Brooklyn Bridge, owned and registered by Martinka, a New York City-based photojournalist. Accordingly, Martinka seeks monetary relief under the Copyright Act of the United States, as amended, 17 U.S.C. § 101 *et seq*.

### JURISDICTION AND VENUE

2. This claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq*. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3. This Court has personal jurisdiction over Defendant because Defendant resides in and/or is doing business in New York.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5. Martinka is a professional photojournalist in the business of licensing his photographs to online, print, and television media outlets for a fee, having a usual place of business at 593 Vanderbilt Avenue, Suite 151, Brooklyn, New York 11238. Martinka's photographs have appeared in many publications around the United States.

6. Upon information and belief, HNGN is a corporation duly organized and existing under the laws of the State of New York, with a place of business at 40 Wall Street, 28th fl., New York, New York 10005. Upon information and belief, HNGN is registered with the New York Department of State, Division of Corporations to do business in the State of New York. At all times material hereto, HNGN has owned and operated a website at the URL www.hngn.com (the "Website").

## STATEMENT OF FACTS

A. **Background and Plaintiff's Ownership of the Photograph**

7. On December 4, 2013, Martinka photographed a woman snapping a selfie in front of the Brooklyn Bridge (the "Photograph"). A true and correct copy of the Photograph is attached hereto as Exhibit A.

8. Martinka then licensed the Photograph to the New York Post (the "Post"). On December 4, 2013, the Post ran an article that featured the Photograph on its web edition entitled, *My selfie with Brooklyn Bridge suicide dude*. See http://nypost.com/2013/12/04/selfie-ish-woman-snaps-cellphone-shot-with-suicidal-man/. Martinka's name was featured in a gutter

credit identifying him as the photographer of the Photograph. A true and correct copy of the Photograph in the article is attached hereto as Exhibit B.

9. Martinka is the author of the Photograph and has at all times been the sole owner of all right, title and interest in and to the Photograph, including the copyright thereto.

10. The Photograph was registered with the U.S. Copyright Office and was given Copyright Registration Number VA 2-025-118.

### B. Defendant's Infringing Activities

11. Upon information and belief, on or about December 16, 2014, HNGN ran an article on the Website entitled *Selfies Littered The Internet While Hostages Feared For Their Lives During The Sydney Siege*. See http://www.hngn.com/articles/52967/20141216/selfies-littered-internet-hostages-feared-lives-during-sydney-siege.htm. The article prominently featured the Photograph. A true and correct copy of the article is attached hereto as Exhibit C.

12. HNGN did not license the Photograph from Plaintiff for its article, nor did HNGN have Plaintiff's permission or consent to publish the Photograph on its Website.

13. Upon information and belief, HNGN removed Martinka's gutter credit and, instead, attributed the Photograph to Twitter.

**FIRST CLAIM FOR RELIEF**
**(COPYRIGHT INFRINGEMENT AGAINST HNGN)**
**(17 U.S.C. §§ 106, 501)**

14. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-13 above.

15. HNGN infringed Plaintiff's copyright in the Photograph by reproducing and publicly displaying the Photograph on the Website. HNGN is not, and has never been, licensed or otherwise authorized to reproduce, publicly display, distribute and/or use the Photograph.

16. The acts of Defendant complained of herein constitute infringement of Plaintiff's copyright and exclusive rights under copyright in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

17. Upon information and belief, the aforementioned acts of infringement by HNGN have been willful, intentional, and purposeful, in disregard of and with indifference to Plaintiff's rights.

18. As a result of Defendant's infringement of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to recover his damages and Defendant's profits pursuant to 17 U.S.C. § 504(b) for the infringement.

19. Defendant's conduct, described above, is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiff irreparable injury that cannot be fully compensated or measured in money damages. Plaintiff has no adequate remedy at law.

**SECOND CLAIM FOR RELIEF**
**INTEGRITY OF COPYRIGHT MANAGEMENT INFORMATION AGAINST HNGN**
**(17 U.S.C. § 1202)**

20. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-19 above.

21. When the Photograph was published in an article in the New York Post, the article contained copyright management information under 17 U.S.C. § 1202(b).

22. Upon information and belief, in its article on the Website, HNGN intentionally and knowingly removed copyright management information identifying Plaintiff as the photographer of the Photograph.

23. The conduct of HNGN violates 17 U.S.C. § 1202(b).

24. Upon information and belief, HNGN's falsification, removal and/or alteration of the aforementioned copyright management information was made without the knowledge or consent of Plaintiff.

25. Upon information and belief, the falsification, alteration and/or removal of said copyright management information was made by HNGN intentionally, knowingly and with the intent to induce, enable, facilitate, or conceal their infringement of Plaintiff's copyrights in the Photograph. HNGN also knew, or should have known, that such falsification, alteration and/or removal of said copyright management information would induce, enable, facilitate, or conceal their infringement of Plaintiff's copyrights in the Photograph.

26. As a result of the wrongful conduct of HNGN as alleged herein, Plaintiff is entitled to recover from HNGN the damages that he sustained and will sustain, and any gains, profits and advantages obtained by HNGN resulting from its violations of 17 U.S.C. § 1202, including Plaintiff's attorney's fees and costs.

27. Alternatively, Plaintiff may elect to recover from HNGN statutory damages pursuant to 17 U.S.C. § 1203(c)(3) in a sum of at least $2,500 up to $25,000 for each violation of 17 U.S.C. § 1202.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1. That Defendant HNGN be adjudged to have infringed upon Plaintiff's copyrights in the Photograph in violation of 17 U.S.C §§ 106 and 501;

2. That Defendant HNGN be adjudged to have falsified, removed and/or altered copyright management information in violation of 17 U.S.C. § 1202;

3. That, with regard to the First Claim for Relief, Plaintiff be awarded his actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's infringement of Plaintiff's Photograph;

4. That, with regard to the Second Claim for Relief, Plaintiff be awarded either: a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's falsification, removal and/or alteration of copyright management information; or b) alternatively, statutory damages of at least $2,500 and up to $ 25,000 for each instance of false copyright management information and/or removal or alteration of copyright management information committed by Defendant pursuant to 17 U.S.C. § 1203(c);

5. That Defendant be required to account for all profits, income, receipts, or other benefits derived by Defendant as a result of its unlawful conduct;

6. That Plaintiff be awarded his costs, expenses and attorney's fees pursuant to 17 U.S.C. § 1203(b);

7. That Plaintiff be awarded pre-judgment interest; and

8. Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

    Plaintiff hereby demands a trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).

Dated:   May 2, 2017
           Valley Stream, New York

                                          LIEBOWITZ LAW FIRM, PLLC

                                          By:  /s/ Kamanta C. Kettle
                                                Kamanta C. Kettle
                                                11 Sunrise Plaza, Suite 305
                                                Valley Stream, New York 11580
                                                Telephone: (516) 233-1660
                                                KK@LiebowitzLawFirm.com

                                          *Attorneys for Plaintiff Paul Martinka*